**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**CURTIS ROBERTSON**
    Petitioner

**v.**                                                                                                     **No. 5:05CV-00239-R**

**TOM SIMPSON, Warden**
    Respondent

**MAGISTRATE JUDGE'S REPORT**
**and RECOMMENDATION**

The petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is represented by the Honorable Matthew Robinson. On or about May 30, 2007, the undersigned magistrate judge entered an order to show cause why the petition should not be dismissed as having been filed outside the one-year statute of limitations (SOL) for filing federal habeas corpus petitions established by 28 U.S.C. § 2244(d)(1) (Docket Entry No. 23). The response to the show-cause order of the petitioner and the respondent are at Docket Entry Nos. 24 and 25, respectively. This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636.

**The issue**

In the prior show-cause order in this case, the undersigned acknowledged that he was raising the issue of the SOL <u>sue sponte</u> and gave the parties an opportunity to present their positions as required by *Day v. McDonough*, 547 U.S. 198 (2006) (Docket Entry No. 23). The parties have not challenged the propriety of the show-cause order. Furthermore, the parties agree that the petition was filed approximately one month late for the reasons indicated in the order, which we shall presently summarize, by way of chronology, for the court's convenience:

| | |
|---|---|
| December 26, 2002 | The petitioner's conviction became final, and the SOL began running. |
| January 24, 2003 | The petitioner filed his RCr 11.42 motion, and the SOL ceased running, approximately one month of the SOL having run. |
| December 8, 2004 | The denial of the petitioner's 11.42 became final, and the SOL began running again. |
| November 8, 2005 | The one-year SOL expired. |
| December 7, 2005 | The present petition was filed. |

The sole issue before this court, about which the parties disagree, is whether the late filing of the petition should be excused pursuant to the doctrine of equitable tolling. The petitioner argues that the court should equitably toll the running of the SOL for the following reasons (Docket Entry No. 24, pp. 1-2):

> Petitioner's motion for relief pursuant to 28 U.S.C. § 2254 was filed approximately thirty days late due to the advice of his former attorney, David Schachetti. Because of a substance abuse problem, prior counsel was under the influence of cocaine during his representation of the Petitioner. Before contacting the undersigned, Attorney Schachetti was arrested for possessing cocaine, which caused him to drop all of the clients he was representing at the time. During this time, prior counsel advised Petitioner that he had one year from the December 8, 2004, denial of Petitioner's motion for discretionary review in the Kentucky Supreme Court.
>
> In December 2005, prior counsel and Petitioner asked the undersigned to take over the case and represent Petitioner. The undersigned agreed and filed Petitioner's § 2254 motion as quickly as possible on December 7, 2005. Although this is technically past the deadline for filing, much of the time period should be equitably tolled because it was prior counsel's drug inhibited legal advice that caused the late filing. Petitioner intended on filing a § 2254 motion in this court and would have done so prior to the deadline had his previous counsel not been under the influence of cocaine.
> ...
> Attorney Schachetti's problems should be no secret to this Court. Prior to his arrest on cocaine charges, he was a prominent criminal defense attorney who practiced regularly in the federal courts of Kentucky, Southern Indiana, and Southern Ohio. His arrest was a prominent story in the newspapers and on television.

2

**Threshold deficiencies**

As a threshold matter, the magistrate judge concludes that the petitioner's argument is unpersuasive because it is not supported by an affidavit or other probative evidence. In addition, the petitioner has failed to identify a persuasive chronology of events, supported by probative evidence, that rules out the following possibilities:

1. The petitioner may have first consulted with Mr. Schachetti after the SOL expired on November 8, 2005. In that event, any advice or misadvice that Mr. Schachetti gave the petitioner could have no relevance to the issue of equitable tolling.

2. Mr. Schachetti may have misadvised the petitioner after December 8, 2004, when the petitioner's 11.42 motion was finally denied and he had completely exhausted his state court remedies, but before November 8, 2005, when the SOL ran. For example, Mr. Schachetti may have conferred with the petitioner six months after December 8, 2004, on June 8, 2005. In that event, Mr. Schachetti's advice or misadvice did not retroactively prevent the petitioner from timely filing his petition prior to June 8, 2005. Given the foregoing hypothetical, the petitioner had no one to blame but himself for delaying six months after he had fully exhausted his state court remedies.

3. The petitioner may have become aware of Mr. Schachetti's drug problem several weeks or months before the SOL had expired. In that event, the respondent persuasively argues that "it appears that due diligence was not exercised by waiting until [nearly] after the deadline to secure new counsel" (Docket Entry No. 25, p. 3).

### Equitable tolling

The legal framework for determining whether equitable tolling is appropriate in a given case was summarized in *Jurado v. Burt*, 337 F.3d 638 (6th Cir., 2003) as follows:

> Jurado concedes that his habeas petition was untimely. ... Thus, his only claim on appeal is that the doctrine of equitable tolling should apply to his case. ...
>
> Jurado bears the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir., 2002). The doctrine is used sparingly by federal courts. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir., 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Id. at 560-61. The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." Id.; cf. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561.
>
> This court determines whether to equitably toll AEDPA's statute of limitations using the five-factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir., 1988). *Dunlap v. United States*, 250 F.3d 1001, 1010 (6th Cir., 2001). The court considers: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Id. at 1008. This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases. *Miller v. Collins*, 305 F.3d 491 (6th Cir., 2002).
> ...
> Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified. *Baldwin County*, 466 U.S. at 152, 104 S.Ct. 1723; *Andrews*, 851 F.2d at 151.

In *Jurado*, the Sixth Circuit held that a lawyer's mistake is not a valid basis for equitable tolling. Subsequently, the Sixth Circuit rejected an argument that an attorney's admitted unfamiliarity with federal habeas corpus procedures provided a legitimate basis for equitable tolling. *Allen v. Yukins*, 366 F.3d 396 (6th Cir., 2004). More recently, the Supreme Court rejected an argument that an attorney's mistake with respect to the SOL for filing a federal habeas corpus petition may provide a legitimate basis for equitable tolling. *Lawrence v. Florida*, 549 U.S. ___,127 S.Ct. 1079 (2007) held as follows:

> Second, Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel. E.g., *Coleman v. Thompson*, 501 U.S. 722, 756-757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

**Findings and Conclusions**

The magistrate judge concludes that the petitioner has failed to identify a persuasive basis for this court's invocation of the somewhat extraordinary remedy of equitable tolling of the SOL for the following reasons:

1. The petitioner's position in unsupported by any probative evidence.

2. The petitioner has failed to show that he did not have ample opportunity to file his petition in a timely manner prior to any misadvice given by Mr. Schachetti and/or the petitioner's becoming aware of Mr. Schachetti's alleged drug-related impairment.

3. Even if Mr. Schachetti affirmatively misadvised the petitioner, prior to exhaustion of his state court remedies, that he would have a year after exhaustion in which to file his federal habeas corpus petition, a person of prudence would not have waited a full year, until the "last minute" so

to speak, to file his petition. If the petitioner had allowed for a reasonable margin of error of even one month, his petition would have been timely filed.

    4. Assuming for the sake of argument that Mr. Schachetti advised the petitioner that the SOL would commence running only after state court remedies had been fully exhausted, the petitioner has provided no evidentiary support for his assertions that "[w]hile under the influence of a cocaine addiction, prior counsel affirmatively advised Petitioner of the wrong deadline ... [p]rior counsel was abusing drugs and as a direct result provided Petitioner with the wrong filing deadline ... Petitioner ... did not know of counsel's drug problem," etc. (Docket Entry No. 24, pp. 3-4).

    5. The reasons and motivations underlying counsel's erroneous advice are immaterial for purposes of determining whether a petitioner has demonstrated entitlement to the unusual remedy of equitable tolling. We do not agree with the petitioner that this is not a "garden variety" case of attorney error simply because the petitioner attempts to connect the error to alleged drug abuse by his attorney (Docket Entry No. 24, p. 3).

    6. Even if the petitioner's missing the deadline can fairly be blamed upon Mr. Schachetti's erroneous advice and/or drug addiction, because the petitioner has no constitutional right to the assistance of counsel, effective or otherwise, in connection with presentation and litigation of his federal habeas corpus petition, as a matter of law, counsel's error does not warrant equitable tolling. See *Lawrence v. Florida*, 549 U.S. ___, 127 S.Ct. 1079 (2007), *Allen v. Yukins*, 366 F.3d 396 (6th Cir., 2004), and *Jurado v. Burt*, 337 F.3d 638 (6th Cir., 2003), discussed supra.

### RECOMMENDATION

The magistrate judge RECOMMENDS that the petition pursuant to 28 U.S.C. § 2254 be DENIED and that all pending motions in this case (Docket Entry Nos. 19 and 21) be DENIED as moot.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140 (1985).