## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## Case No. 5:05CV-239 -R

CURTIS ROBERTSON                                                    PETITIONER

V.

TOM SIMPSON, Warden                                                RESPONDENT

## ORDER AND JUDGMENT

This matter is before the Court upon the petition for writ of habeas corpus filed by the petitioner pursuant to 28 U.S.C. §2254. The Magistrate Judge has recommended that the petition be denied. The Court has conducted a de novo review of the Magistrate Judge's report in light of the objections thereto and the record as a whole.

In petitioner's objection he provided a case outlining the disciplinary problems of Mr. Scacchetti before the Ohio Supreme Court. Mr. Scacchetti was petitioner's attorney who was supposed to timely file his habeas petition, but did not do so. The disciplinary case of *Disciplinary Counsel v. Scacchetti*, 114 Ohio St.3d 36 (2007- Ohio- 2713) documents counsel's drug problems. He was arrested in October 2005 while trying to buy cocaine. He was indicted for possession of cocaine in November 2005 and found guilty in December 2005. The case states that due to physical issues, Mr. Scacchetti began using cocain to relieve pain. Two weeks before his arrest, he voluntarily closed his office and has not practiced since. He entered intensive outpatient rehabilitation which he completed in early December 2005. On December 7, 2005 he entered 112 days of inpatient treatment.

Petitioner's 11.42 was final December 8, 2004. His statute of limitations began to run again. It expired November 8, 2005, eleven months later. During this time, Mr. Scacchetti appears to have been in a deteriorating state of cocaine usage. Petitioner argues that these circumstances provide ample justification to equitably toll the statute of limitations.

The Magistrate Judge correctly outlined the law on equitable tolling. Petitioner argues that he missed the deadline because of his lawyer's drug induced incompetence.

While the Court, if ruling on a clean slate may find differently, it believes *Lawrence v. Florida*, 549 US __, 127 S.Ct 1079 (2007) compels the Court to follow the Magistrate Judge's recommendation and dismiss the petition. However, the Court will grant a certificate

of appealability and leave to appeal *in forma pauperis* .

Arguably, this case is different than a mere miscalculation . It is also true that in the postconviction context where prisoners have no constitutional right to counsel. *Coleman v. Thompson*, 501 U.S. 722, 756-757, 111 S.Ct. 2546, 115 L.Ed. 2d 640 (1991). Here, petitioner wishes to file a federal habeas petition to seek redress for the alleged ineffective assistance of counsel at trial and appeal. That same counsel failed to timely perfect an appeal and most likely gave incorrect advice to petitioner on the applicable statute of limitations. Consequently, if not simultaneously, he was disciplined for cocaine abuse and underwent intensive therapy. These factors probably do not distinguish prior precedent, but at the very least, they warrant a second look.

**IT IS THEREFORE ORDERED** as follows:

1. The petition for writ of habeas corpus is denied.

2. All pending motions are denied as moot.

3. The petitioner is granted a certificate of appealability pursuant to 28 U.S.C. §2253(c) in light of the analysis of each issue contained in the Magistrate Judge's report and this opinion.

4. The petitioner is granted leave to appeal to the Court of Appeals *in forma pauperis* pursuant to 28 U.S.C. §1915(A). The Court finds this appeal under these facts would not be frivolous and would be taken in good faith.

5. This is a final and appealable order, and there is no just cause for delay.

cc:    Petitioner
       Counsel